hCALOGERO, Chief Justice,
concurs in part, dissents in part, and assigns reasons.
I would grant to vacate all three orders of the trial court, not only the order granting the state’s motion for a mental examination of relator by an expert of its choosing, but also the order appointing an independent panel of experts for purposes of conducting a mental examination of relator and the order directing production of the relator’s medical and psychiatric records from the Louisiana Correctional Institute for Women. I would then remand this case to the trial court for it to determine the sole issue before it: whether the defendant has made a sufficient showing for state funds under the Touchet criteria.
*621 In our opinion on original appeal, State v. Frank, 99-0553, pp. 9-10, (La.1/17/01), 803 So.2d 1, 10, this Court directed the trial court to employ the criteria set forth in State v. Touehet, 93-2839 (La.9/6/94), 642 So.2d 1213, for determining whether relator is entitled to a new capital sentencing hearing and to state funds for purposes of hiring the requested mitigation experts to assist her defense at that hearing. We specifically observed that “[i]f she is able to meet the standards provided in Touehet, the trial court is to vacate defendant’s sentence, order a new penalty hearing, and order that state funds be procured so that the defendant may hire the requested experts to assist her defense at the sentencing hearing.” Frank, 99-0553 at 10, 803 So.2d at 11.
Touehet requires a defendant to show “with a reasonable degree of specificity what type of expert is needed and for what purpose,” and “that it is more likely than not that the requested expert assistance will be required to answer a serious issue or question raised by either the prosecution’s or the defense’s case.” Id., 93-2839 at 14, 642 So.2d at 1221. The defendant must therefore establish that “there exists a reasonable probability both that an expert would be of assistance to the defense and that the denial of expert assistance would result in a fundamentally unfair trial.” Id., 93-2839, p. 6, 642 So.2d at 1216.
In the context of a capital case, a critical component of a fundamentally fair trial of the penalty phase that comports with the requirements of the Eighth Amendment is that “the jury must be able to consider and give effect to any mitigating evidence relevant to a defendant’s background and character or the circumstances of the crime.” Blystone v. Pennsylvania, 494 U.S. 299, 304-05, 110 S.Ct. 1078, 1082, 108 L.Ed.2d 255 (1990) (internal quotation marks and citation omitted). Defense counsel has a correlative duty to conduct “an investigation of the defendant’s background for possible mitigating evidence.” State ex rel. Busby v. Butler, 538 So.2d 164, 169 (La.1988). That duty may encompass a request for state-funded assistance in investigating and presenting mitigating evidence at a capital sentencing hearing on behalf of an indigent defendant. State v. Craig, 93-2515 (La.5/23/94), 637 So.2d 437.
To the extent that a trial court retains discretion in its funding decisions, Touehet allows “some form of opposition” to a defendant’s request because “the state may in some instances be able to bring to a trial court’s or a reviewing court’s attention information which will assist in the determinations made.” Touehet, 93-2839 at 13, 642 So.2d at 1221 (emphasis added). However, Touehet in my view does not sanction the kind of full-bore contradictory and evidentiary proceeding apparently contemplated by the trial court in the present case, particularly in such a sensitive area as the right of an indigent defendant to the same opportunity as any other defendant in a capital case to present for a jury’s consideration “as a mitigating factor, any aspect of a defendant’s character or record and any of the circumstances of the offense that the defendant proffers as a basis for a sentence less than death.” Blystone, 494 U.S. at 304, 110 S.Ct. at 1082, 108 L.Ed.2d 255 (internal quotation marks and citation omitted). Consequently, the trial court erred not only in granting the state’s request to subject the defendant to a mental examination by an expert of its choosing, but also in granting the state’s request for production of relator’s medical and psychiatric records. The trial court further erred in appointing its own independent panel of mental heath experts to conduct an examination of relator in connection with her attempt to satisfy the Touehet criteria.
*622 To the extent that the defense presentation below identified with reasonable specificity the kind(s) of expert(s) relator requests and for what purpose, I would remand this case to the trial court for consideration of the only remaining question for it to resolve under the Touchet criteria in compliance with our remand order in Frank: whether she has shown to a reasonable probability that an expert would be of assistance to her in presenting any aspect of her character or record or of the circumstances of the crime and that denial of expert assistance would result in a fundamentally unfair trial of the penalty phase.